IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LAQUETTA McGOWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-00258-CV-W-SWH |
| | ) | |
| KANSAS CITY LIVE PROMOTIONAL | ) | |
| ASSOCIATION, LLC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

### I. BACKGROUND

On March 1, 2011, plaintiff filed a Petition for Damages in the Circuit Court of Jackson County, Missouri, naming as defendants Kansas City Live Promotional Association, LLC, Entertainment Concept Investors, LLC ("ECI"), The Cordish Company and William Wilkins. Plaintiff alleges that while employed by defendants as an ECI Host, she was subject to sexual harassment and retaliation in violation of the Missouri Human Rights Act. (Doc. #1-1) On February 28, 2012, the action was removed to this Court based upon diversity jurisdiction. Pending before the Court is the plaintiff's Motion to Remand. (Doc. #7)

In attempting to demonstrate the existence of diversity jurisdiction, defendants' Notice of Removal states that plaintiff is a citizen of the State of Missouri, but none of the removing defendants who have been served are residents of the State of Missouri. (Doc. #1) Two of the removing defendants are limited liability companies. According to defendants, for diversity purposes, the residence of a limited liability company is determined by the residence of each of its members. (Doc. #1 at 4) Defendants allege that neither of the limited liability companies has any

members who are residents of Missouri. (Id.) The other removing defendant, The Cordish Company, is a Maryland corporation. According to the removing defendants, defendant William Wilkins has not been served, despite several attempts. (Id. at 2-3)

On March 29, 2012, plaintiff filed a Motion to Remand alleging that defendant Wilkins is a "local defendant," who was properly joined and served prior to the Notice of Removal being filed, and, thus, the matter is not removable. Additionally, plaintiff's position is that the Notice of Removal was untimely as the time in which the case could be removed expired on or about August 19, 2011. (Doc. #7)

## II. DISCUSSION

Generally, a civil case brought in state court may be removed by a defendant to federal court if the case could have been brought in federal court originally. See 28 U.S.C. § 1441(a). As a court of limited jurisdiction, it is essential that jurisdiction be established as a threshold matter. See Godfrey v. Pulitzer Publ'g Co., 161 F.3d 1137, 1141 (8th Cir. 1998), cert. denied, 526 U.S. 1098 (1999). The party invoking the jurisdiction of the federal court bears the burden of proof that all prerequisites to jurisdiction have been satisfied. See Bell v. Hershey Co., 557 F.3d 953, 956-57 (8th Cir. 2009); In re Business Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed and any doubts about the propriety of removal are to be resolved in favor of remand. See In re Business Men's Assurance Co. of Am., 992 F.2d at 183.

When jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the plaintiff and defendants and the amount in controversy must exceed $75,000.00. The removing party bears the burden of establishing these requirements. See South Dallas Water Auth. v. Guarantee Co. of N. Am., 767 F.Supp.2d 1284, 1293 (S.D. Ala. 2011). In determining whether

2

complete diversity exists for purposes of subject matter jurisdiction, courts consider the citizenship of all parties named in the petition, even those parties who have not been served. See Pecherski v. General Motors Corp., 636 F.2d 1156, 1160-61 (8th Cir. 1981)(existence of diversity is determined from fact of citizenship of parties named in petition and not from fact of service). See also South Dallas Water Auth. v. Guarantee Co. of N. Am., 767 F.Supp.2d 1284, 1293-94 (S.D. Ala. 2011), and cases cited therein.

The existence of complete diversity and the requisite amount in controversy does not necessarily mean the case is removable to federal court. 28 U.S.C. § 1441(b)(2) makes diversity jurisdiction in a removal case narrower than if the case were originally filed in federal court. See Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992). Under section 1441(b)(2), the so-called "forum defendant rule," a defendant can remove a case based on diversity jurisdiction only if none of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1] As the court recognized in Massey v. Cassens & Sons, Inc., 2006 WL 381943, *2 (S.D. Ill. Feb.16, 2006), federal courts have decided "virtually uniformly" that the forum defendant rule applies only if a resident defendant is joined and served at the time of removal.

The briefing of the parties focuses on the forum defendant rule and, thus, the Court will address that issue first. In this case, the parties have opposing views of when Mr. Wilkins, a resident of Missouri, was actually served.[2] Normally, determining if the forum defendant had been joined

---

[1]Section 1441(b)(2) provides in full: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[2]Plaintiff contends that the filing by defense counsel of a Notice of Withdrawal on behalf of all defendants on August 30, 2011, is the equivalent of an entry of appearance. Alternatively,

3

and served prior to removal would require the Court to consider the competing arguments of the parties concerning the effect of counsel's Notice of Withdrawal filed erroneously on behalf of all of the defendants and the subsequent service of process on January 17, 2012. However, 28 U.S.C. § 1446 also specifies a time period in which the notice of removal must be filed:

> **(b)** **Requirements; generally**.–**(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> * * *
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> **(c)** **Requirements; removal based on diversity of citizenship.–(1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Plaintiff contends that the thirty-day period for removal expired on or about August 19, 2011, based on the service of process dates set forth in the Notice of Removal. No one contends that Mr.

---

plaintiff claims process was actually served on Mr. Wilkins on January 17, 2012. Defendants contend the Notice of Withdrawal, mistakenly containing Mr. Wilkins' name, is not an entry of appearance on his behalf and the January 17, 2012, service was flawed in that the paperwork was not served on Wilkins at his usual abode nor was it left with a member of his family over the age of fifteen.

4

Wilkins was served prior to that date.[3] The documents filed with the Court indicate that Kansas City Live Promotional Association, LLC, was served on July 12, 2011, The Cordish Company was served on July 16, 2011, and Entertainment Concepts Investors, LLC, on July 20, 2011. (See doc. #7 at 3; doc. #9 at 16) Plaintiff argues that even though a Missouri resident was a named defendant in the state court petition, the case was removable until such time as that individual was joined and served. (Doc. #7 at 3-4) Using the last date on which one of the removing defendants was served, July 20, 2011, plaintiff calculates that a notice of removal was required to be filed on or before August 19, 2011, in order to be timely. (Doc. #7 at 3-4)

Defendants maintain that it did not appear from the face of the lawsuit that the case was removable since Mr. Wilkins was a Missouri resident. (Doc. #9 at 7) Specifically, defendants state that they "assumed that Plaintiff would serve (or at least make substantial effort to serve) Wilkins (especially since a summons was issued to Wilkins at his regular place of abode on Wabash) and, therefore, they did not remove the case within the initial thirty day period." (Doc. #9 at 7) Defendants also claim that they "had no reason to believe that Plaintiff would simply fail to attempt proper service again for several months or fail to properly serve Wilkins once they made an attempt." (Id.) For these reasons, defendants claim that their failure to remove the case within the initial thirty days does not bar the later removal. (Id.)

Defendants cite no case support for this position. They also clearly recognize that removal is permitted up until the time the forum defendant is served–as the failure to serve the defendant provides their basis for claiming an entitlement to remove the case to federal court in February of

---

[3]Documents submitted by defendants reflect that the summons was returned "Non-Est" as to Mr. Wilkins on August 15, 2011. (Doc. #9 at 15)

2012. This is not a case in which there were amended pleadings, motions, orders or other papers from which it was ascertained, after the expiration of the thirty-day period, that the case is one which was not originally, but has become removable. Thus, defendants' position that it was not initially apparent that the case was removable and that they had up to one year to file their notice of removal must be rejected.

Remand is required for another reason as well. Defendants' Notice of Removal pleads that "Plaintiff is a resident of Missouri." (Doc. #1 at ¶ 1) It is undisputed that William Wilkins is a resident of Missouri. (Doc. #1-1 at ¶ 4) The removing party has the burden of establishing complete diversity of citizenship, i.e. that plaintiff's citizenship is diverse from that of all of the defendants named in the state court action. As noted previously, when federal jurisdiction in a removal case depends upon diversity of citizenship, the existence of diversity is determined from the fact of the citizenship of the parties named and not from the fact of service. See Pecherski v. General Motors Corp., 636 F.2d 1156, 1160-61 (8th Cir. 1981).

In a footnote, defendants state that they alleged that plaintiff was a resident of Missouri based upon the last known address in her personnel file. Defendants note that they do not dispute she may now reside in Kansas, but claim "this fact is irrelevant because the only basis to remand this case is if a properly served Defendant is a resident of Missouri." (Doc. #9 at 2 n.1)

Not only is the fact of plaintiff's residence highly relevant, it is up to defendants to prove that plaintiff is not a Missouri resident and that complete diversity exists between plaintiff and all of the defendants named in the petition. There is no allegation in the underlying state court petition as to plaintiff's residence. The only allegation before the Court is contained in the Notice of Removal and it alleges that plaintiff is a resident of Missouri. Thus, defendants have also failed to establish

6

that complete diversity exits between plaintiff and the defendants.

### III. CONCLUSION

For the reasons discussed above, this action must be remanded to state court. Accordingly, it is

ORDERED that plaintiff's Motion to Remand (doc. #7) is granted and this case is remanded to the Circuit Court of Jackson County, Missouri. It is further

ORDERED that the Clerk of Court is directed to mail a certified copy of this Order to the Circuit Court of Jackson County, Missouri.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE
